**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicol A. Ybarra, | No. CV-20-00115-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Intensive Treatment Systems, | |
| Defendants. | |

Pending before the Court is Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 2), which the Court hereby grants. The Court will screen Plaintiff's complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2)[1] before it is allowed to be served. Pursuant to that screening, the complaint will be dismissed.

**I.  Legal Standard**

Under 28 U.S.C. § 1915(e)(2), a complaint is subject to dismissal if it contains claims that are "frivolous or malicious," that "fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." *Id.* Additionally, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v.*

---

[1] Although section 1915 largely concerns prisoner litigation, section 1915(e) applies to all in forma pauperis proceedings. *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

*Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

The Ninth Circuit has instructed that courts must "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Conclusory and vague allegations, however, will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation may not supply essential elements of the claim that were not initially pled. *Id.*

"If a pleading can be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend before the final dismissal of the action." *Ball v. Cty. of Maricopa*, 2017 WL 1833611, *1 (D. Ariz. 2017) (concluding that complaint could not be amended to state a cognizable claim and dismissing with prejudice).

**II. Analysis**

Plaintiff sued "Intensive Treatment Systems." (Doc. 1.) Plaintiff claims to have been denied access to healthcare because of race and gender. (*Id.*) This assertion is merely a legal conclusion, which cannot support a cause of action without any underlying

facts. *Ivey*, 673 F.2d at 268. Plaintiff did not allege any facts in support of this claim. Plaintiff does not allege Plaintiff's own race and gender, Plaintiff's relationship with Defendant, what happened, or when it happened. Liberally construing the complaint, the Court finds that it fails to state a claim.

Furthermore, the Court has an obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Plaintiff asserts that this Court has jurisdiction "pursuant to Violation of protected statute and Law §§." (Doc. 1.) No federal law is cited, and therefore Plaintiff failed to establish federal question jurisdiction. The complaint also fails to establish that the Court has subject-matter jurisdiction due to diversity—Plaintiff alleges that each party is a "resident" of Arizona, with no suggestion that either party is a citizen of a different state, and Plaintiff claims "$0" in damages. (*Id.*) Thus, Plaintiff has failed to establish that the Court has subject-matter jurisdiction.

This lawsuit is one of seven federal lawsuits Plaintiff has filed in the District of Arizona in the past two weeks. *Ybarra v. Circle K et al*, 2:20-cv-00002-SMB; *Ybarra v. Buckeye Police Dept. et al*, 2:20-cv-0003-DWL; *Ybarra v. Bicknell et al*, 2:20-cv-0006-JJT; *Ybarra v. Barnett Management Company*, 2:20-cv-00019; *Ybarra v. Metro PCS*, 2:20-cv-00020; *Ybarra v. AJs Food and Market*, 2:20-cv-00116-JJT. Each was filed with an application to proceed in forma pauperis.

On January 6, 2020, the Court screened the complaint in *Ybarra v. Buckeye Police* pursuant to 28 U.S.C. § 1915(e)(2). In that case, the only "fact" alleged regarding the cause of action was as follows: "The officer A. Price committed a federal crime against [Plaintiff] by committing perjury by law under the direct orders of his superiors to make the 'Buckeye Police Department look fluffed up.'" (2:20-cv-0003-DWL, Doc. 1 at 1.)

The Court dismissed the complaint with leave to amend, noting that "[t]he facts as

alleged do not give rise to any cognizable claims," that a "legal conclusion . . . cannot support a cause of action," and that "the complaint does not allege a date on which the challenged conduct occurred." (*Id.*, Doc. 6 at 3.) The Court further ordered:

> Plaintiff's amended complaint must adhere to all portions of Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv"). Additionally, Plaintiff is advised that the amended complaint must satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Specifically, the amended complaint shall contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of each specific claim asserted against each Defendant, and a good faith demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). These pleading requirements are to be set forth in separate and discrete numbered paragraphs, and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *see also* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.").

(*Id.* at 3-4.)

The Court advised Plaintiff that "if the amended complaint fails to comply with the Court's instructions explained in this Order, the action may be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure." (*Id.* at 4.)[2]

"Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citation omitted). "If a pleading can be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend before the final dismissal of the action." *Ball v. Cty. of Maricopa*, 2017 WL 1833611, *1 (D. Ariz. 2017).

A copy of the Court's January 6, 2020 order in *Ybarra v. Buckeye Police* explaining the pleading standard was mailed to Ybarra on January 7, 2020. Nevertheless,

---

[2] Ybarra has had previous cases dismissed for failure to provide the basic facts that would support a cause of action. *Ybarra v. Price*, 2:15-cv-01459, Doc. 8 at 2 ("The complaint does not identify the crime involved or allege which portions of Price's testimony were supposedly false or which pieces of evidence he allegedly fabricated. Ybarra provides no supporting facts for her belief that Price was racially biased. And she does not explain how Price's alleged actions resulted in her losing her liberty. These deficiencies show a lack of factual support for Ybarra's claims, which warrants dismissal."); *see also Ybarra v. Arizona*, 2:18-cv-03318-JAT, Doc. 7 at 2 (dismissing complaint that alleged only the address, telephone number, and email address of plaintiff and no other facts).

on January 15, 2020, Ybarra filed the complaint in this action, which does not reflect any attempt to adhere to the pleading standard or the federal and local rules. The Court concludes that it is "absolutely clear" that Ybarra will not be able to cure the complaint by amendment. *Schucker*, 846 F.2d at 1204. The Court has considered the less drastic alternative of allowing repleading but concludes it would be futile. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (disregard of "previous orders" suggests "that repleading would be futile"). For that reason, the Court will dismiss the complaint without leave to amend.

Accordingly,

**IT IS ORDERED granting** the Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2).

**IT IS FURTHER ORDERED** that Plaintiff's complaint (Doc. 1) is **dismissed** without leave to amend. The Clerk of Court shall terminate the action.

Dated this 21st day of January, 2020.

Dominic W. Lanza
United States District Judge